UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA VALENCIA,<br>Plaintiff,<br>v.<br>MICHAEL VALENCIA,<br>Defendant. | Case No.17-cv-06581-HRL<br><br>**ORDER GRANTING IFP APPLICATION**<br><br>**ORDER REASSIGNING CASE TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE: REMAND TO STATE COURT** |

Defendant Michael Valencia ("Valencia") removed this unlawful detainer action from Santa Clara County Superior Court. He also seeks leave to proceed *in forma pauperis* ("IFP"). For the reasons stated below, the undersigned grants the IFP application but nonetheless recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C. § 1915(a). The applicant must submit an affidavit that includes a statement that he cannot pay the fees, and that lists his assets, income, and other financial information. *Id.* However, a court is also under a duty to dismiss a case that is filed without prepayment of the filing fees if it determines that the action "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Based on the affidavit submitted by Valencia, the undersigned is satisfied that he is eligible to proceed *in forma pauperis*. His application is granted. Nevertheless, he may not proceed in

this court because there is no federal subject matter jurisdiction over this matter.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendants to demonstrate that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before the final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Valencia fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* Valencia contends that this case depends on the determination of rights and duties "under federal law." Dkt. No. 1 ¶ 10. However, allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction. Plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever.

Nor does this court find any basis for diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. Valencia fails to identify the citizenship of each party. But this is of no import, since the complaint indicates that the amount in controversy does not exceed $10,000. Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. *MOAB Investment Group, LLC v. Moreno*, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); *Maxwell Real Estate Investment LLC v. Bracho*, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July

2

13, 2012).

There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, the removal of this case was improper. Valencia is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, the undersigned ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: November 17, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge